IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SHARON SAXE,<br><br>                    Plaintiff,<br>v.<br><br>ANDREW SAUL,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S [27] MOTION FOR ATTORNEY FEES<br><br>Case No. 1:20-cv-00111-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is attorney Joel Ban's (Plaintiff's Counsel) Motion for Attorney Fees (Motion) (ECF 27) pursuant to 42 U.S.C. § 406(b). Defendant Commissioner of Social Security (Defendant or Commissioner) does not oppose the request (ECF 28). For the reasons stated below, the court GRANTS the Motion.

I.     BACKGROUND

On October 20, 2016, Plaintiff Sharon Saxe (Plaintiff or Ms. Saxe) hired Plaintiff's Counsel on a contingency-fee basis to represent her in federal court for claims arising from the Commissioner's decision denying her application for disability insurance benefits (ECF 27 at 1; ECF 27-1 at 2–3). Through written agreement, Plaintiff and Plaintiff's Counsel agreed that the contingency fee award would be 25 percent of the past-due benefits awarded based on Plaintiff's claims (ECF 27-1 at 1).

On October 25, 2016, Plaintiff filed her first appeal of the decision of the Commissioner in this court (*See Saxe v. Saul*, No. 2:16-cv-01093-DBP (D. Utah) (*Saxe I*), ECF 1). On October 12, 2017, the court remanded the case for further administrative proceedings (*Saxe I*, ECF 32). Plaintiff's Counsel thereafter requested an award of $5,527 in attorney's fees under the Equal

Access to Justice Act (EAJA) (*Saxe I*, ECF 34). The court denied this request on the grounds that the Commissioner's position was substantially justified (*Saxe I*, ECF 37).

On August 21, 2020, Plaintiff filed her second appeal of the Commissioner's decision (*Saxe v. Saul*, No. 1:20-cv-00111-CMR (D. Utah) (*Saxe II*), ECF 1). In an Order dated February 25, 2021, the court reversed the decision of the Commissioner and remanded the case for further administrative proceedings (Order) (*Saxe II*, ECF 26).

On September 5, 2021, the Social Security Administration (SSA) awarded Plaintiff $124,618.50 in past-due benefits (*Saxe II*, ECF 27 at 2; ECF 27-1 at 6). Of the total award past-due benefits, $41,135.00 was withheld by the SSA for direct payment of attorney's fees, which represents 25 percent of Plaintiff's past-due benefits (*Id.*). Plaintiff's Counsel has requested $31,844.99 in attorney's fees for representation of Plaintiff at the agency level (*Id.*)

On September 29, 2021, Plaintiff's Counsel filed the instant Motion seeking an award of $9,251 in attorney's fees for court representation of Plaintiff pursuant to 42 U.S.C. § 406(b) (ECF 27). On October 13, 2021, the Commissioner filed a Response stating it did not object to Plaintiff Counsel's request for § 406(b) fees (Response) (ECF 28). Plaintiff did not object to the Motion, and the time for doing so has expired.

## II.   DISCUSSION

Plaintiff's Counsel seeks the court's authorization and award of attorney's fees in the amount of $9,251 (ECF 27). 42 U.S.C. § 406(b)(1)(A) provides that an attorney who successfully represents a Social Security claimant may be awarded "a reasonable fee . . . not in excess of 25 percent of the past-due benefits." Courts make an independent determination of whether the fee award sought under § 406(b) is reasonable by examining the reasonableness of the contingency-fee agreement "based on the character of the representation and the results . . .

achieved." *Gisbrecht v. Barhart*, 535 U.S. 789, 808, 122 S.Ct. 1817 (2002). A court can reduce a fee award if, for example, "the attorney is responsible for delay ... during the pendency of the case in court" or "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* In addition, "the court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

Here, Plaintiff's Counsel's requested fee award of $9,125 for court representation does not exceed the 25 percent threshold and represents only a small portion of the $41,335 withheld by the SSA for direct payment of attorney's fees. The court also notes that Plaintiff's Counsel's Motion is unopposed. Neither the Commissioner nor Plaintiff has objected to the award requested by Plaintiff's Counsel.

Nevertheless, pursuant to *Gisbrecht*, the court will examine whether the fee request is reasonable. First, upon review of the record in this case, there is no indication that Plaintiff's Counsel was responsible for any undue delay in resolving Plaintiff's claims. According to the contingency-fee agreement, Plaintiff retained Plaintiff's Counsel on October 20, 2016. Plaintiff filed her complaint in *Saxe I* on October 25, 2016, and the Commissioner's decision was reversed and remanded on October 12, 2017. After additional administrative proceedings, Plaintiff filed her complaint in *Saxe II* on August 21, 2020, and the Commissioner's decision was again reversed and remanded on February 25, 2021. On September 5, 2021, the SSA notified Plaintiff that it would pay her past-due benefits, and Plaintiff's Counsel filed the instant Motion filed on September 29, 2021. Thus, nothing in the record indicates that Plaintiff's Counsel delayed pursuit of Plaintiff's claims to profit from the accumulation of past-due benefits. Therefore, the court finds no basis to reduce Plaintiff's Counsel's award on this basis.

Next, the court may reduce the attorney's fees award if the amount is larger in comparison to the amount of time Plaintiff's Counsel spent on the case. Here, Plaintiff's Counsel represented Plaintiff in two separate cases in federal court and successfully obtained a remand in both *Saxe I* and *Saxe II*. Plaintiff's Counsel represents that he spent 39.42 hours pursuing Plaintiff's claims before the court (ECF 27-1 at 13). The court authorizing an award of $9,251 would result in an hourly rate of approximately $234 per hour. The court finds this to be a reasonable amount for representation of Plaintiff in federal court.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, the court finds the requested fee amount to be reasonable and authorizes Plaintiff's Counsel to receive an award of $9,251 in attorney's fees under § 406(b).

Accordingly, it is HEREBY ORDERED that Plaintiff's Motion is GRANTED and Plaintiff's Counsel is awarded $9,251 in attorney's fees.

DATED this 26 October 2022.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah